IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARMANE SMITH, | § | |
| | § | |
| V. | § | 1:19-CV-967-RP-AWA |
| | § | |
| DELL, INC. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Charmane Smith's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and Financial Affidavit in Support, along with her Complaint (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Smith's Application to Proceed *In Forma Pauperis*, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Smith *in forma pauperis* status and **ORDERS** her Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Smith is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Smith's Complaint and is recommending her claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. ANALYSIS

Because Smith has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro

se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Smith sues Dell, Inc., alleging federal question and diversity jurisdiction. She asserts that "I was sold 3 Dell, Inc., computers that were dysfunctional." Dkt. No. 1 at 1. She alleges the computers "exhibited frequent crashes, blue screens of death, no-post issues, disk drive malfunctions, thermal failures/overheating, and/or inoperability." She also alleges a Dell monitor overheated and caught fire, causing her to suffer a "minimum burn and electric shock." *Id.* at 1-2. Smith asserts various state law claims for product defects, breach of contract, tort, and personal injury. She requests relief in the amount of sixty-six million dollars.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs." 28 U.S.C. §§ 1331, 1332. "The federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737 (1995).

In this case, Smith has pled no federal cause of action, so the only possible basis for jurisdiction is diversity jurisdiction. Complete diversity exists when an action is between citizens of different States. 28 U.S.C. § 1332(a)(1). Smith pleads that she resides in Tennessee, while Dell, Inc., is incorporated in Delaware. Pursuant to 28 U.S.C. § 1332(a), a corporation "is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business." *J.A.*

*Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987). Dell, Inc.'s principal place of business in Round Rock, Texas, a city near Austin, and located within the Western District of Texas. *See Polaris Innovations Ltd. v. Dell, Inc.*, No. SA-16-CV-451-XR, 2016 WL 7077069, at *1 (W.D. Tex. Dec. 5, 2016). Thus Smith meets her burden of demonstrating complete diversity between the parties.

However, Smith must also show an amount in controversy above $75,000. The jurisdictional amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "exceeds the sum or value of $75,000." Smith's damages are based upon three allegedly defective Dell computers and one defective monitor. She also alleges she suffered "minimum burns" because the monitor shocked her. Smith fails to allege facts that show that the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a). Bare allegations of jurisdictional facts have been held insufficient to invest a federal court with jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The burden of proof is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F.Supp. 305, 307 (E. D. Tex. 1995), *aff'd*, 102 F.3d 551 (5th Cir. 1996). Plaintiff has not met her burden.

The Court recommends that Smith's Complaint be dismissed without prejudice under 28 U.S.C. § 1915(e).

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Smith *in forma pauperis* status (Dkt. No. 2). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER**

**RECOMMENDS** that the District Court **DISMISS** Smith's lawsuit without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of October, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE